UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICHARD LIERER, ) | CASE NO. 1:05 CV 2345 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| KENNETH L. MORCKEL, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On October 4, 2003, plaintiff pro se Richard Lierer filed this action under 42 U.S.C. § 1983 against Ohio Department of Public Safety Director Kenneth L. Morckel, Ohio Bureau of Motor Vehicles Registrar Franklin R. Caltrider, and Ohio Bureau of Motor Vehicles Compliance Unit Supervisor Adele Rapelye.  This case arises from discovery actions taken in another lawsuit currently before this Court. The defendants filed a Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) ("Motion") on November 1, 2005. [ECF # 11].  The plaintiff filed his Response to the Motion ("Response") on November 2, 2005. [ECF # 12].  For the reasons set forth below, the Motion is granted and this action is dismissed.

**BACKGROUND**

Mr. Leirer initially filed a complaint in this Court on May 19, 2005 naming the State of Ohio, Governor Robert Taft, Mr. Morkel, and Mr. Caltrider as defendants.  See Leirer v. State of

Ohio, Case No. 1:05 CV 1404 (N.D. Ohio filed May 19, 2005). Mr. Leirer's driver's license had been suspended for allegedly failing to produce proof of insurance during a random screening of licensed Ohio drivers. He claimed he received the request to provide proof of insurance in retaliation for his participation in an anti-war demonstration. Id. Mr. Leirer objects to two incidents which allegedly occurred after he requested discovery in the course of that lawsuit. Those incidents provide the basis for the present civil rights action before this Court.

Specifically, Mr. Leirer contends that an unnamed employee of the BMV contacted his "private insurance company and extract[ed] private information about plaintiff's insurance policy... ." (Compl. at 3.) He also claims the BMV denied him access to public records at the BMV office in Parma, Ohio. He asserts that these actions were taken to retaliate against him for conducting discovery in Case No. 1:05 CV 1404 and requests that this court award him monetary damages, enjoin the BMV from suspending or maintaining the suspension of his driver's license, prevent the BMV from using any of the information it obtained from his insurance company in Case No. 1:05 CV 1404, and grant unspecified declaratory relief.

The defendants move to dismiss the complaint in this action. They assert that they are entitled to Eleventh Amendment immunity on the claims asserted against them in their official capacities. They further assert that the complaint does not meet minimum pleading requirements because there are no allegations in the complaint which suggest the defendants were personally involved in the actions giving rise to this lawsuit. Mr. Leirer responded by stating that his complaint "specifically states action by the defendant are [sic] collective action [sic] and one of retaliation." He then reiterates the claims he made in his pleading.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state a claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. Ziegler v. IBP Hog Market Inc., 249 F.3d 509, 511-12 (6th Cir.2001); Morgan v. Church's Fried Chicken, 829 F. 2d 10, 11 (6th Cir 1987). The plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations in the complaint. The motion should not be granted unless it "appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief." Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C.Cir.1987); see Jackson v. Heh, No. 98-4420, 2000 WL 761807, *2-3 (6th Cir June 2, 2000).

The complaint, however, must meet basic pleading requirements and must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal review. Fingers v. Jackson-Madison County General Hospital District, No. 95-5903, 1996 WL 678233 (6th Cir. Nov. 21, 1996); see Morgan, 829 F.2d at 12; see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489-90 (6th Cir. 1990).

**DISCUSSION**

The state and federal governments have long possessed immunity from suit in state or federal courts. Alden v. Maine, 527 U.S. 706, 713 (1999). The federal government's immunity is not found in any one provision of the Constitution, but rather "is derived by implication" from the nature of sovereignty itself. Keifer & Keifer v. Reconstruction Fin. Corp., 306 U.S. 381, 388 (1939); Ernst v. Rising, No. 02-2287, 2005 WL 2757534, slip op. at 3-4 (6th Cir. Oct. 26, 2005). For the states, that immunity is supported by the Eleventh Amendment to the United States Constitution. Alden, 527 U.S. at 713-14 (stating that "any doubt regarding the constitutional role of the States as sovereign entities is removed by the Tenth Amendment.")  The states' immunity from suits in federal court applies to claims against a state by citizens of the same state as well as to claims against a state by citizens of another state. See Alden, 527 U.S. at 728; Barton v. Summers, 293 F.3d 944, 948 (6th Cir. 2002). The immunity also applies to actions against state officials sued in their official capacity for retroactive relief. See Lapides v. Bd. of Regents, 535 U.S. 613-623 (2002); Edelman v. Jordan, 415 U.S. 651, 664-66 (1974); Rossborough Mfg. Co. v. Trimble, 301 F.3d 482, 489 (6th Cir. 2002).

Because this court lacks subject matter jurisdiction to entertain a claim for monetary damages against a state or a state government agent in his official capacity, a pleading containing claims under 42 U.S.C. § 1983 must clearly notify the defendants of the potential for individual liability and must clearly notify the court of its basis for jurisdiction. Moore v. City of Harriman, 272 F.3d 769, 772-774 (6th Cir. 2001). When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the court must look to the course of proceedings to determine whether the concern about notice has been satisfied. Id.  In the absence of sufficient notice of the potential for individual

liability in the pleading, the court is required to presume that the claims are asserted against the defendants in their official capacities. Id.

Mr. Leirer does not affirmatively state the capacity in which he brings suit against these defendants. The court must therefore look at the pleading to determine if there is sufficient indication that the defendants may be individually liable. As an initial matter, there are no allegations in the complaint which are specifically directed at any of one of the defendants. In fact, he mentions the defendants by name only to state their respective official titles and to allege that they supervise employees in the Ohio Bureau of Motor Vehicles who participated in the conduct of which he complains. There is nothing in the pleading which places these particular defendants on notice that they may be personally subject to liability in their individual capacities. Consequently, the court must construe the claims as being asserted against the defendants solely in their official capacities. The Eleventh Amendment therefore bars Mr. Leirer's claims against these defendants for damages.

Mr. Leier's remaining claims are based on the individual actions of other state employees. As a rule, government employers may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. An employer can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770,

786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the State of Ohio or any of the individual defendants which may have resulted in the deprivation of a federally protected right of the plaintiff.

**CONCLUSION**

Accordingly, the defendants' Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) [ECF # 11] is granted and this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 12/2/05

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.